```
Jun. 12. 2017 10:42AM                                      No. 8374   P. 2
CASE 17-C-140          OHIO                         PAGE 0001

KASEE R PORTER              VS. SANDEEP BADWALSIGH


LINE   DATE      ACTION

   1  05/11/17  COMPLAINT; MEMO; SUMMONS ID TO DEF BY SOS; RECEIPT
   2  05/22/17  SOS ACCEPTED SERVICE ON BEHALF OF SANDEEP BADWALSIGH ON 5/17/17
   3  05/22/17  SOS ACCEPTED SERVICE ON BEHALF OF INDY FREIGHT INC ON 05/17/17
   4  05/22/17  SUMMONS ID TO STATE FARM MUTUAL AUTOMOBILE INS CO BY SOS;MEMO;
   5            RECEIPT
   6  06/05/17  SOS ACCEPTED SERVICE ON BEHALF OF STATE FAMR MUTUAL AUTOMOBILE
   7            INS CO ON 05/31/17
```

EXHIBIT "A"

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 0807 68

INDY FREIGHT, INC.
450 DOUGHERTY LANE
GREENWOOD, IN 46143

Control Number: 195123

Defendant: INDY FREIGHT, INC.
450 DOUGHERTY LANE
GREENWOOD, IN 46143 US

County: Ohio
Civil Action: 17-C-140
Certified Number: 92148901125134100002080768
Service Date: 5/17/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS
### CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

KASEE R PORTER
   PLAINTIFF,
VS.      CIVIL ACTION NO. 17-C-140
       JUDGE: DAVID J. SIMS
SANDEEP BADWALSIGH
   DEFENDANT.

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon JOSEPH J. JOHN, plaintiff's attorney, whose address is JOHN & WERNER LAW OFFICES, 80 - 12TH STREET STE 200, WHEELING, WV, 26003 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                 _Brenda L Miller_
                 BRENDA L MILLER

             CLERK OF COURT

Dated: May 11, 2017

        BY: _RBlackburn_
            DEPUTY CLERK

*Please Serve:*
*INDY FREIGHT, INC.*
*450 DOUGHERTY LANE*
*GREENWOOD, IN 46143*



d:\corel\boiler\civsum.wpd

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

KASEE R. PORTER, DAVID PORTER,
███████████, ███████████,
PAMELA LIPSCOMB and DAVID
LIPSCOMB,

        Plaintiffs,

v.                              CIVIL ACTION NO. 17-C-140

SANDEEP BADWALSIGH and
INDY FREIGHT, INC.,

        Defendants.

## COMPLAINT

The plaintiffs, Kasee R. Porter, David Porter, ███████, ███████, Pamela Lipscomb and David Lipscomb, for their Complaint and causes of action against the defendants, Sandeep Badwalsigh and Indy Freight, Inc., allege and aver as follows:

1. The plaintiffs, Kasee R. Porter, David Porter, ███████, ███████, Pamela Lipscomb and David Lipscomb, are and at all material times herein were residents of the State of West Virginia.

2. Upon information and belief, defendant Badwalsigh, is a resident of the State of California.

3. Upon information and belief, defendant Indy Freight, Inc., transacts business throughout the United States, including the State of West Virginia.

4. On or about March 13, 2016, the plaintiffs, Kasee R. Porter and David Porter, were the owners of a 2011 GMC Yukon Denali ("plaintiffs' vehicle").

5. On or about March 13, 2016, the plaintiff, Kasee R. Porter, was the operator of the plaintiffs' vehicle and was operating plaintiffs' vehicle in Ohio County, West Virginia.

6. On or about March 13, 2016, the plaintiff, Pamela Lipscomb, was a passenger in plaintiffs' vehicle.

7. On or about March 13, 2016, and at all material times herein, defendant, Indy Freight, Inc., was the owner of a 2003 Kenworth tractor trailer ("defendant Indy's truck"), and the defendant, Sandeep Badwalsigh, was the operator of defendant Indy's truck, and was operating defendant Indy's truck in Ohio County, West Virginia.

8. On or about March 13, 2016, and at all material times herein, defendant Indy Freight, Inc., consented and permitted defendant, Sandeep Badwalsigh, to operate defendant Indy's truck, and defendant, Sandeep Badwalsigh, was operating defendant Indy's truck with the consent and permission of the owner, Indy Freight, Inc.

9. On or about March 13, 2016, and at all material times herein, defendant, Sandeep Badwalsigh, was an employee, agent and/or servant of Indy Freight, Inc., and was acting within the scope of his employment or agency.

10. On or about March 13, 2016, and at all material times herein, defendants, Indy Freight, Inc., and Sandeep Badwalsigh, were members or participants of a joint venture or joint enterprise which purpose and goal was to transport by truck various products or items for a profit.

11. On or about March 13, 2016, and at all material times herein, defendant, Sandeep Badwalsigh, was an employee, agent or servant of the joint venture or joint enterprise and was acting within his scope of employment or agency.

12. The defendant, Indy Freight, Inc., is liable for the acts and omissions of its employee, agent or servant, Sandeep Badwalsigh, who was acting within the scope of his employment or agency, and who was operating defendant Indy's truck with its consent and permission.

13. On or about March 13, 2016, and at all material times herein, the plaintiff, Kasee R. Porter, was then and there lawfully and properly operating plaintiffs' vehicle on a roadway known and designated as Interstate-70, near mile marker 8 in Ohio County, West Virginia, when the defendant, Sandeep Badwalsigh, negligently, carelessly and/or recklessly operated the aforementioned defendant Indy's truck in such a manner as to cause a "change-reaction" event, involving numerous vehicles, and cause a collision with the motor vehicle in which the plaintiff, Kasee R. Porter, was operating, and the plaintiff, Pamela Lipscomb, was a passenger, thereby injuring and damaging the plaintiffs as hereinafter set forth.

14. The acts of the defendant, Sandeep Badwalsigh, as alleged in the preceding paragraph of this Complaint, violated the motor vehicle code, safety laws and other laws and statutes of the State of West Virginia, and other laws, including, but not limited to:

(a) Reckless driving;

(b) Driving a vehicle in a wilful and wanton disregard for the safety or rights of persons or property;

(c) Driving a vehicle in excess of a safe speed for conditions then existing;

(d) Failing to maintain control of the vehicle;

(e) Failing to keep a proper lookout;

(f) Operating a vehicle with defective equipment;

(g) Failing to keep in a proper lane and improperly changing lanes;

3

  (h) Following too closely; and

  (i) Other acts and violations of West Virginia or other safety laws.

15. The defendant, Indy Freight, Inc., negligently, carelessly and/or recklessly maintained defendant Indy's truck and allowed it to be in a defective condition, thereby creating a reasonable risk of harm to individuals on the roadways and the defendant, Indy Freight, Inc., negligently, carelessly and/or recklessly permitted the defendant, Sandeep Badwalsigh, to operate a defective vehicle, thereby causing injuries and damages to the plaintiffs as hereinafter set forth.

16. The acts of the defendants, Sandeep Badwalsigh and Indy Freight, Inc., as alleged in this Complaint, were done wilfully, wantonly, recklessly, with criminal indifference and/or with reckless disregard for the civil rights of the plaintiffs.

17. The plaintiffs did nothing to cause or contribute to the aforementioned motor vehicle collision on or about March 13, 2016.

18. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Kasee R. Porter, was caused to be injured in and about her head, back, neck, muscles, tissues and other body parts, all of which have caused the plaintiff physical pain and suffering, mental anguish and distress, annoyance, inconvenience, aggravation, humiliation and embarrassment, and will in the future cause the plaintiff, Kasee R. Porter, physical pain and suffering, mental anguish and distress, annoyance, inconvenience, aggravation, humiliation and embarrassment.

19. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Pamela Lipscomb, was caused to be injured in and about her head, back, neck, muscles, tissues and other body parts, all of which have caused the plaintiff physical pain

4

and suffering, mental anguish and distress, annoyance, inconvenience, aggravation, humiliation and embarrassment, and will in the future cause the plaintiff, Pamela Lipscomb, physical pain and suffering, mental anguish and distress, annoyance, inconvenience, aggravation, humiliation and embarrassment.

20.    As a further direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Kasee R. Porter, has been caused to incur medical expenses in and about her medical care and attention to date, said amount only being an interim amount as expenses and bills are still being incurred and will be incurred in the future in an effort to treat and cure the injuries that the plaintiff, Kasee R. Porter, has sustained.

21.    As a further direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Pamela Lipscomb, has been caused to incur medical expenses in and about her medical care and attention to date, said amount only being an interim amount as expenses and bills are still being incurred and will be incurred in the future in an effort to treat and cure the injuries that the plaintiff, Pamela Lipscomb, has sustained.

22.    As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Kasee R. Porter, has suffered a loss of enjoyment of life.

23.    As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Pamela Lipscomb, has suffered a loss of enjoyment of life.

24.    As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Kasee R. Porter, has incurred lost wages and/or lost earning capacity.

25.    As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, Pamela Lipscomb, has incurred lost wages and/or lost earning capacity.

26. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiffs, Kasee R. Porter and David Porter, sustained damage to personal property and incurred a total loss of plaintiffs' vehicle, together with loss of use, total loss and other damages associated with the 2011 GMC Yukon Denali which was declared a total loss.

27. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, David Porter, has lost the consortium and services of his wife, Kasee R. Porter, and will be deprived of the consortium and services of his wife in the future.

28. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiff, David Lipscomb, has lost the consortium and services of his wife, Pamela Lipscomb, and will be deprived of the consortium and services of his wife in the future.

29. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiffs, ████████ and ████████, have lost the consortium and services of their mother, Kasee R. Porter, and will be deprived of the consortium and services of their mother in the future.

30. As a direct and proximate result of the acts or omissions of the defendants as alleged in this Complaint, the plaintiffs seek all damages permitted by law, including compensatory damages and punitive damages.

**WHEREFORE,** the plaintiffs pray for and demand a judgment against the defendants, Sandeep Badwalsigh and Indy Freight, Inc., both jointly and severally, for all damages allowed by law, including, but not limited to, compensatory and punitive damages, in an amount to be determined by the Court or jury and in excess of the jurisdictional requirements of this Court, together with interest, costs, fees and such other and further relief as the Court or jury may find or deem proper. The amount in controversy satisfies the minimum jurisdictional amount established for filing this action.

## PLAINTIFFS DEMAND A TRIAL BY JURY.

Plaintiffs,

By: _____
                Counsel

**JOSEPH J. JOHN, ESQ.**
W. Va. Bar ID #5208
JOHN & WERNER LAW OFFICES, PLLC
Board of Trade Building, STE 200
80 - 12th Street
Wheeling, WV 26003
Telephone: (304) 233-4380
Fax: (304) 233-4387